UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN R. DELIA, JR. as
Personal Representative of the
Estate of JOHN R. DELIA deceased,
    Plaintiff,

Case No.

v.

UNITED STATES OF AMERICA,
    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JOHN R. DELIA, JR., as Personal Representative of the Estate of JOHN R. DELIA, deceased (hereinafter "Plaintiff"), and hereby sues Defendant, UNITED STATES OF AMERICA, (hereinafter "Defendant") and alleges:

### JURISDICTION AND VENUE

1. Plaintiff in this action seeks relief under the Federal Tort Claims Act, 28 U.S.C. § 2671-2680 for compensatory damages and costs against Defendant for negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

2. The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has jurisdiction over this matter pursuant to 28. U.S.C. § 1346(b) in that this is a claim against Defendant United States of America for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts of employees of Defendant while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to Plaintiff.

3. Venue is proper in the Middle District Court of Florida, pursuant to 28 U.S.C. § 1391(b) as Defendant does business in this judicial district and the events or omissions giving rise to the claim occurred in this judicial district.

4. Pursuant to the Federal Tort Claims Act, 28. U.S.C. §2671, Plaintiff presented his claim to the appropriate federal agency for administrative settlement.

5. Defendant sent a letter to Plaintiff's counsel acknowledging receipt of the tort claim on August 6, 2020. See attached Exhibit A.

6. No denial of Plaintiff's claim has been received and this lawsuit is timely filed.

## PARTIES

7. Plaintiff, John R. Delia, Jr., as Personal Representative of the Estate of John R. Delia, deceased, currently resides in Belmont, Massachusetts and is the appointed Personal Representative of the Estate of John R. Delia. See Letter of Administration attached as Exhibit B.

8. John R. Delia, deceased, was a patient and treated at the Orlando Veterans Affairs Medical Center, located in Orlando, Orange County, Florida.

9. Defendant is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of Defendant while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

10. At all times material to this action, Defendant was responsible for the standard of medical care, treatment, and evaluation of patients treated at the Orlando Veterans Affairs Medical Center (hereinafter "VA").

## STATEMENT OF CLAIM

11. On July 12, 2019, John R. Delia, deceased, went to the VA because he was having severe leg pains.

12. The medical staff at the VA x-rayed John R. Delia's leg.

13. In the x-rays of John R. Delia's legs, Defendant's staff x-rayed his pancreas also.

14. At the time, Defendant's staff did not mention or discover the mass on John R. Delia's pancreas.

15. On January 31, 2020, John R. Delia returned to the VA complaining of severe stomach pain.

16. A mass on John R. Delia's pancreas was discovered.

17. On February 11, 2020, John R. Delia returned to the VA for a biopsy of his pancreas.

18. Before the biopsy was performed, two medical prosessionals at the VA informed John R. Delia that the VA should have

discovered the mass on John R. Delia's pancreas on the visit on July 12, 2019.

19. The two medical professionals at the VA clearly told John R. Delia and his son, John R. Delia, Jr., that the mass should have been seen on the x-rays from July 12, 2019.

20. On February 11, 2020, John R. Delia was diagnosed with stage 4 pancreatic cancer and lung cancer by Dr. Jeffrey D. Kurzon of the VA.

21. On March 12, 2020, John R. Delia died with a cause of death of pancreatic cancer.

22. But for the failure to diagnose and see the mass on John R. Delia's pancreas on July 12, 2019, John R. Delia would not have died as soon as he did.

23. In fact, the radiology report from the VA from July 12, 2019, under the "Pancreas" report reads "[n]o calcifications or peripancreatic fluid is noted. No focal masses are identified."

24. On July 12, 2019, John R. Delia was not diagnosed with pancreatic cancer.

25. Defendant has in its employ and/or agency doctors, nurses, and other medical care providers, over which it exercises control and supervision.

26. At all times material to this action, Defendant authorized these agents and employees to act for Defendant when they committed the negligent acts alleged herein.

27. Defendant's agents and employees accepted the undertaking of acting on behalf of Defendant when the negligent acts alleged herein were committed.

28. The negligent acts of Defendant's agents and employees were committed while acting within the course of their employ and/or agency with Defendant, thus Defendant is vicariously liable for the actions of its agents and employees when the negligent acts described herein occurred.

29. At all times material to this action, Defendant had a non-delegable duty to provide John R. Delia with reasonable medical care and is vicariously liable for the actions of contracted-with medical providers.

30. At all times material to this action, Defendant, by and through its staff, physicians, employees and/or agents, acting within the course and scope of their employment and/or agency, undertook a duty to render medical care to John R. Delia in accordance with the accepted standards of medical care and treatment rendered in such cases in similar medical communities.

31. At all times material to this action, Defendant, by and through its staff, physicians, employees and/or agents, acting within the course and scope of their employment and/or agency, negligently breached the duty of care owed to John R. Delia, by failing to diagnose and treat John R. Delia's obvious pancreatic cancer.

32. As the direct and proximate result of Defendant's breach of the above duty, John R. Delia suffered severe and excruciating pain, and mental anguish for approximately seven months, until he died from pancreatic cancer.

33. Defendant had control over its agents and employees when they committed the negligent acts alleged herein.

34. John R. Delia suffered greatly during the seven month period of time from the failure of the VA to diagnose the cancer.

35. John R. Delia's cancer could have been managed and treated by the VA to prolong John R. Delia's life.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Compensatory damages and damages for pain and suffering;

b. Plaintiff's costs of suit;

c. Post-judgment interest; and

d. For such other and further relief as the court may deem just and proper;

RESPECTFULLY submitted this 5th day of August, 2021.

/s/ *Stanley W. Plappert*
Stanley W. Plappert, Esquire
Attorney for the Plaintiff
Florida Bar No.: 76603
The Florida Legal Advocacy Group, P.A.
445 NE 8th Avenue
Ocala, FL 34470
(352) 732-8030 Telephone
(888) 399-3129 Facsimile
swp@thefloridalegaladvocacygroup.com